**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **JEFFREY L. FLETCHER,**<br><br>　　Plaintiff,<br><br>v.<br><br>**MWB, INC., d/b/a BELL ISLE MARINA,**<br><br>and<br><br>**MARTIN WOODROW BELL,**<br><br>　　Defendants. | CASE NO.:　**4:21-cv-162**<br><br>*JURY TRIAL DEMANDED* |

## COMPLAINT

The Plaintiff, Jeffrey L. Fletcher, by counsel, states as follows for his Complaint against the Defendants, MWB, Inc., d/b/a Bell Isle Marina, and Martin Woodrow Bell – this action is brought on behalf of Mr. Fletcher only. The Plaintiff does not seek to assert claims on behalf of others similarly situated nor does he seek collective action status.

## NATURE OF THE CASE

1.　This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201 et seq. and the Virginia Overtime Wage Act ("VOWA"), Virginia Code Section 40.1-29.2 which provide that workers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek.

2. Plaintiff seeks declaratory relief, injunctive relief and relief for unpaid overtime compensation and liquidated damages (FLSA) and treble damages (VOWA) as well as all costs and attorneys' fees.

3. The Defendants suffered or permitted the Plaintiff to work hours in excess of forty (40) hours in his seven day workweeks, without receiving overtime compensation, in violation of the FLSA and VOWA.

## PARTIES

4. Defendant MWB, Inc. is, upon information and belief, a Virginia corporation located in and maintaining its principal place of business in Hampton, Virginia. At all times relevant hereto, MWB was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d) and VOWA.

5. Defendant Martin Woodrow Bell is the sole shareholder and owner of MWB, Inc. At all times relevant to this matter he served as the Chief Executive of MWB, was closely familiar with the manner in which Plaintiff was compensated, and directed the Plaintiff in all work performed for the Defendants. At all times relevant hereto, Mr. Bell was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d) and VOWA and has personal liability for the acts complained of herein.

6. The policies, practices and events complained of herein occurred as a result of management and operational practices common to, and directed by, all Defendants. At all times relevant hereto, Defendants were "employers" within the meaning of 29 U.S.C. §207(a)(1) and VOWA, and were the Plaintiff's "employers" within the meaning of those statutes.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 2201, and 2202.

8. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

9. Defendants are subject to personal jurisdiction within the Commonwealth of Virginia and conduct significant operations within the Newport News Division of the United States District Court for the Eastern District of Virginia. Defendants maintain a place of business at 2 Bells Island Drive, Hampton, Virginia 23664. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

## FACTS

10. The Defendants employed Plaintiff as an administrative employee and laborer from December of 2017 until August of 2021. The Defendants ran a marina and boatyard operation. More specifically, Defendants were engaged in the business of providing vessels with berthing, dry storage, hauling and repair services. While Plaintiff was nominally referred to by Mr. Bell as the marina's "manager", the Plaintiff was not exempt under either the FLSA or VOWA for at least three separate and distinct reasons: 1) as discussed in the succeeding paragraph, Mr. Fletcher's duties included a significant level of manual labor; 2) Mr. Fletcher was paid by the hour as opposed to being on a salary; and 3) for approximately three months at the beginning of 2020 Mr. Fletcher was required to work without pay. Each one of the three factual elements enumerated in the preceding sentence – standing alone as if the other two did not exist – disqualifies Mr. Fletcher from exempt status under both the FLSA and the VOWA.

11. The Plaintiff's duties included mowing and trimming approximately 20 acres of lawn and weeds on a regular basis; personally repairing and building docks; assisting customers

with docking and securing their vessels; checking lines and customer vessels in good and bad weather; answering calls outside of normal business hours (approximately four to six per day outside normal hours); pulling boats out of the water for maintenance; repairing and maintaining equipment; and assisting customers in docking outside of normal working hours.  The Plaintiff is non-exempt under both the FLSA and VOWA.  Accordingly, he was entitled to overtime premium pay for all hours worked over forty (40) in a seven day workweek.  The Plaintiff regularly worked scheduled hours which recurred week after week plus overtime hours.  The Plaintiff typically worked seven days per week and a total of at least fifty-six (56) hours each week.

12. Both the FLSA and VOWA mandate that no employer shall employ any of its employees for a work week longer than forty (40) hours unless the employee pays the employee overtime compensation at the rate of not less than one and one-half times the regular hourly rate at which the employee is employed

13. Defendants routinely failed to pay Plaintiff overtime compensation at one and one-half times his regular hourly rate of pay for all hours worked over forty (40) hours per seven day workweek in violation of both the FLSA and VOWA.

14. Defendants failed to pay and record the time described in the preceding paragraph and, as a result, Plaintiff was denied overtime to which he was entitled under both the FLSA and VOWA.  Mr. Bell was closely familiar with the Plaintiff's work routine and actually observed him and had actual knowledge that the Plaintiff worked substantial uncompensated overtime hours on a routine basis.  The Defendants' violations of the FLSA and VOWA enumerated herein were committed knowingly and willfully.

15. The precise amount of compensation due to the Plaintiff is unknown because much information required to perform a precise calculation is within the exclusive control of the Defendants. Mr. Fletcher was paid $22.50 per hour for one of the last three years and $15.00 per hour for two of the last three years. His overtime rates in these respective years were $33.75 and $22.50 per hour. Under the liquidated damages provisions of the FLSA the Plaintiff is due at least $117,450 and under the treble damages provisions of the VOWA he is due at least $176,175. VOWA mandates a single three year "look back" statute of limitations. All statutes of limitation were tolled as of the date of this filing.

16. Defendants knew and showed reckless and intentional disregard for the fact that their pay policies violated the FLSA and VOWA and they committed the aforesaid violations knowingly, willfully, recklessly and in bad faith.

17. Defendants have an obligation under both the FLSA and VOWA to maintain accurate records of time worked by employees. Upon information and belief, Defendants failed to maintain accurate time records, and failed to ensure that accurate time records were maintained.

18. Although Defendants had an obligation to make proper inquiry into their FLSA and VOWA compliance obligations, they failed to do so or, having inquired, they ignored or willfully attempted to avoid their legal obligations.

19. Defendants have not acted in good faith with respect to their failure to pay overtime compensation. Defendants have no legitimate or good faith reason to believe their actions and omissions were in compliance with the FLSA or VOWA thus entitling Plaintiff to recover liquidated damages (under the FLSA) and treble damages (under VOWA).

20. The Plaintiff confronted Bell in August of 2021 about not receiving overtime pay or, in accordance with their many earlier discussions, a bonus in lieu of overtime pay. Bell had been promising for a long time that he would acknowledge the Plaintiff's long hours through one of these means. When it became clear to the Plaintiff that Bell had no intention of doing so, he informed Bell that he intended to go to the "labor board". At this point, Bell went into a temper tantrum and told Plaintiff to "get the f_ _ _ out". Bell fired the Plaintiff that day in retaliation for his efforts to obtain fair compensation.

21. In committing the acts set forth in the preceding paragraph, Defendants deliberately discriminated against Plaintiff because he engaged in protected activity under the FLSA and VOWA.

22. The actions set forth in paragraph 20 were committed willfully, maliciously and with gross disregard for Plaintiff's well-being. As a direct, actual and proximate result of the Defendants' discrimination and retaliation against Plaintiff as related in paragraph 20, above, the Plaintiff has suffered significant economic and non-economic damages including loss of back pay, front pay, benefits, humiliation, anxiety, pain, suffering, loss of sleep, depression and loss of quality and enjoyment of life.

## COUNT I

### *Violation of the Fair Labor Standards Act*

23. Paragraphs 1 through 22, above, are incorporated into this Count by reference as if fully set forth herein.

24. The FLSA requires covered employers such as the Defendants to compensate workers such as the Plaintiff at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a seven day work week. The

Defendants failed to compensate the Plaintiff in a manner that complied with the FLSA and denied him substantial overtime compensation to which he is entitled.

25. The Plaintiff has performed work which qualifies for payment of overtime pay under the FLSA, but for which the Plaintiff has not been paid.

26. As a direct, actual and proximate result of the Defendants' actions, the Plaintiff has suffered significant economic loss.

**WHEREFORE,** the Plaintiff, Jeffrey L. Fletcher, respectfully moves this Court to enter judgment in his favor and award him the following relief, jointly and severally, against MWB, Inc., d/b/a Bell Isle Marina, and Martin Woodrow Bell:

1) Full payment of all overtime compensation due to him for all hours worked during the three years preceding the filing of this Complaint;

2) An award of an equal and additional amount as liquidated damages;

3) An award of injunctive relief or appropriate declaratory relief requiring compliance with the FLSA in the future;

4) An award of all Plaintiff's costs and reasonable attorneys' fees;

5) Interest at the applicable legal rate accruing from each week compensation was not paid and on all awarded costs and attorneys' fees; and

6) All such other relief as the Court deems appropriate and just under the circumstances.

## **COUNT II**

### *Violation of VOWA*

27. Paragraphs 1 through 22, above, are incorporated into this Count by reference as if fully set forth herein.

7

28. VOWA requires covered employers such as the Defendants to compensate workers such as the Plaintiff at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a seven day work week. The Defendants failed to compensate the Plaintiff in a manner that complied with VOWA and denied him substantial overtime compensation to which he is entitled.

29. The Plaintiff has performed work which qualifies for payment of overtime pay under the VOWA, but for which the Plaintiff has not been paid.

30. As a direct, actual and proximate result of the Defendants' actions, the Plaintiff has suffered significant economic loss.

**WHEREFORE,** the Plaintiff, Jeffrey L. Fletcher, respectfully moves this Court to enter judgment in his favor and award him the following relief, jointly and severally, against MWB, Inc., d/b/a Bell Isle Marina, and Martin Woodrow Bell:

1) Full payment of all overtime compensation due to him for all hours worked during the three years preceding the filing of this Complaint;

2) A separate award of two times the overtime wages as treble damages;

3) An award of injunctive relief or appropriate declaratory relief requiring compliance with VOWA in the future;

4) An award of all Plaintiff's costs and reasonable attorneys' fees;

5) Interest at the statutory mandated rate of 8% per annum accruing from each week compensation was not paid and on all awarded costs and attorneys' fees; and

6) All such other relief as the Court deems appropriate and just under the circumstances.

## **COUNT III**

### *Retaliatory Discharge in Violation of the Fair Labor Standards Act*

31. Paragraphs 1 through 22, above, are incorporated into this Count by reference as if fully set forth herein.

32. It is clear that the Defendants made acceptance of unlawful wage practices a term and condition for Plaintiff's continued employment. The Plaintiff refused to accept this continued condition and was terminated because of his protest against the Defendants' wage practices.

33. The Defendants' discharge of the Plaintiff under these conditions was outrageous, intentional, willful and malicious and the Plaintiff has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages for which each of the Defendants is jointly and severally liable.

**WHEREFORE,** the Plaintiff, Jeffrey L. Fletcher, respectfully moves this Court to enter judgment in his favor and award him the following relief:

1) Order each Defendant to institute and carry out policies, practices and programs to provide equal employment opportunities to qualified individuals and which eradicate the effects of past and present unlawful employment practices;

2) Order each of the Defendants, jointly and severally, to make the Plaintiff whole with appropriate lost earnings, future lost earnings and compensation for loss of future pensions and benefits in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

3) Order each of the Defendants, jointly and severally, to make the Plaintiff whole by providing him with all compensation contemplated under the FLSA for non-pecuniary losses

including, without limitation, pain, suffering, inconvenience, mental anguish, humiliation and loss of quality and enjoyment of life in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

4) Order each of the Defendants to pay the Plaintiff's reasonable attorneys' fees, expert fees and all costs incurred in bringing and prosecuting this action with pre-judgment and post-judgment interest as applicable; and

5) All such other relief as the Court deems appropriate and just under the circumstances.

## COUNT IV

### *Retaliatory Discharge in Violation of VOWA*

34. Paragraphs 1 through 22, above, are incorporated into this Count by reference as if fully set forth herein.

35. It is clear that the Defendants made acceptance of unlawful wage practices a term and condition for Plaintiff's continued employment. The Plaintiff refused to accept this continued condition and was terminated because of his protest against the Defendants' wage practices.

36. The Defendants' discharge of the Plaintiff under these conditions was outrageous, intentional, willful and malicious and the Plaintiff has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages for which each of the Defendants is jointly and severally liable.

**WHEREFORE,** the Plaintiff, Jeffrey L. Fletcher, respectfully moves this Court to enter judgment in his favor and award him the following relief:

1) Order each Defendant to institute and carry out policies, practices and programs to provide equal employment opportunities to qualified individuals and which eradicate the effects of past and present unlawful employment practices;

2) Order each of the Defendants, jointly and severally, to make the Plaintiff whole with appropriate lost earnings, future lost earnings and compensation for loss of future pensions and benefits in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

3) Order each of the Defendants, jointly and severally, to make the Plaintiff whole by providing him with all compensation contemplated under VOWA for non-pecuniary losses including, without limitation, pain, suffering, inconvenience, mental anguish, humiliation and loss of quality and enjoyment of life in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

4) Order each of the Defendants to pay the Plaintiff's reasonable attorneys' fees, expert fees and all costs incurred in bringing and prosecuting this action with pre-judgment and post-judgment interest as applicable; and

5) All such other relief as the Court deems appropriate and just under the circumstances.

## **TRIAL BY JURY DEMANDED**

The Plaintiff requests a jury trial on all issues raised in this Complaint.

Respectfully submitted,

**JEFFREY L. FLETCHER**

By:   */s/ James H. Shoemaker, Jr.*

James H. Shoemaker, Jr., VSB No. 33148
Andrew J. Dean, VSB No. 88192
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 249-1627
Jshoemaker@pwhd.com
adean@pwhd.com